

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Phillip M. Stevenson, President
State Board of Education
Austin, Texas

Dear Sir:

Opinion No. O-5629

Re: Under the facts submitted has
the failure of each of the publish-
ers in question to file samples
with the State Superintendent of
Public Instruction within the time
required by Article 2846, R.C.S.,
precluded the State Board of Educa-
tion at its adoption meeting, be-
ginning October 11, 1943, from con-
sidering for adoption as free text-
books the books submitted by each
of these publishers?

We have your inquiry of the 23d instant reading as
follows:

"Article 2846, Revised Civil Statutes of
Texas, provides, among other things, as follows:

"'Deposits of Samples. --At least thirty
days prior to the date of the meeting of the
said Commission, every person, firm or cor-
poration desiring to submit bids shall file
with the State Superintendent of Public In-
struction nine copies of each book on which
a bid will be submitted, . . .'

"Hoover Brothers, Incorporated, home of-
fice in Kansas City, Missouri, and Johnson
Publishing Company, home office in Richmond,
Virginia, did not file with the State Super-

intendent of Public Instruction the required
copies of books on which each desires to sub-
mit bids until a date subsequent to thirty
days prior to the date of the meeting set by
the State Board of Education for the purpose
of adopting textbooks. The copies of the
books each company is offering are now on
file. I presume that each company has quali-
fied as an eligible bidder, unless disquali-
fied because the copies were not filed within
the legal time. In the case of Hoover Brothers,
Incorporated, we have a sworn statement made
to Mr. Clarence McGuire, General Manager, by
George L. Towne, President of The University
Publishing Company, that the samples of the
books Hoover Brothers, Incorporated, desires
to submit were mailed to Texas on September
4th, 1943, and that by some queer fate these
samples were returned to The University Pub-
lishing Company, having been sent to Austin,
Minnesota, instead of Austin, Texas. The
samples reached Austin, Texas, September 21st,
1943, ten days after the last legal date for
the filing of the samples. In the case of
Johnson Publishing Company, I do not have the
facts reciting reasons for its untimely filing.
I presume that some extenuating circumstance
evidently caused its failure. The required
samples were filed by Johnson Publishing Com-
pany on September 13th, 1943, two days subse-
quent to the last legal date for filing.

"You are respectfully requested to answer
the following inquiry:

"Has the failure of each of these publish-
ers to file samples with the State Superintend-
ent of Public Instruction within the time re-
quired by the Article referred to, and under
the circumstances stated, precluded the State
Board of Education at its adoption meeting be-
ginning October 11th, 1943, from considering
for adoption as free textbooks the books sub-
mitted by each of these publishers?

"The Textbook Advisory Committee commences
its official hearings in Austin, Texas, on Mon-

day next, and it could better write its
final report to the State Board of Educa-
tion if your opinion upon this matter were
supplied to it by Tuesday, September 28th,
1943. Please mail a copy of your opinion
to Mr. H. A. Glass, Director, Textbook
Division, and a copy to me. If you can
supply the opinion within the time request-
ed, considerable time can be saved and con-
fusion averted."

Article 2846 provides as follows:

"* * *.

"At least thirty days prior to the
date of the meeting of the said Commission,
every person, firm or corporation desiring
to submit bids shall file with the State
Superintendent of Public Instruction nine
copies of each book on which a bid will be
submitted, in each of which copies there
shall be printed or stamped a statement of
the price at which such book and special
editions thereof are sold in other places
under State or county adoptions, and the
minimum quantities in which it will be
sold at such prices, and there shall also
be printed or stamped in such books a state-
ment of the publisher's catalogue price of
the same and special editions thereof, to-
gether with trade discounts and the condi-
tions under which, and the purchasers to
whom, such discounts are allowed, and the
place of delivery. There shall also be
printed or stamped in each book the price
at which it is offered to Texas, f. o. b.
the Publisher's Texas depository, with and
without exchange. There shall also be
printed or stamped in each book the mini-
mum wholesale price at which such book,
and special editions thereof, are sold
f. o. b. the shipping point of the pub-
lisher and the name of the shipping point
shall also be stated."

Ordinarily, whether or not a statute is mandatory or directory only may be readily determined from a literal consideration, but such is not always the case.

In all statutory construction the intention of the Legislature when discoverable from the Act as a whole is the controlling consideration in determining the question of mandatory or directory nature of the language.

When Article 2846 is read in the light of other pertinent portions of the statute, we think it is clear the requirement of the Article with respect to the depositing of sample books was inserted solely for the benefit of the Commission, to the end that the members could acquaint themselves with the books upon which the bids are made. To the extent that the Commission may disregard any bid of one failing to comply therewith the statute is mandatory. Where, however, the Commission has had the privilege of examination, and has satisfied itself with respect to the merits of such books, it would appear the purpose of the requirement for exhibition of samples has been met, and there appears to be no reason why the Commission does not have the power to act upon the bid precisely as though the statute had been literally complied with by the bidder. The requirement of thirty days' submission of sample, therefore, is to that extent directory. In other words, such submission for the full time mentioned is not mandatory in the sense that without it the Commission is deprived of power to consider the books and bid.

It is easily conceivable that a bidder who has failed to comply literally with the requirement of samples, for even a short time, may nevertheless submit books which the Commission after a full examination and appraisement of their merits would find them to be the most acceptable, and to deny it the power to accept them would be a disservice to the State and not a service, as contemplated by the statutes.

The construction we have given to the statute is accentuated by the language of Article 2847, which contains provisions requiring each bidder to file with the Secretary of the Commission on the day that the Commission meets, an affidavit to the effect that certain

taxes have been paid, and further containing certain other information, followed by the language, "No publisher who cannot and does not comply with these provisions shall be eligible to bid."

It will be seen that Article 2846 makes no such emphatic provision with respect to the depositing of samples of books offered.

The case of Federal Crude Oil Co. v. Yount-Lee Oil Co., 52 S. W. (2) 56, illustrates the rule of construction we have here announced. It is there said:

> " * * *. The rule in this regard is well stated by Mr. Sutherland in his Work on Statutory Construction (2d Ed.) § 612, p. 1117: 'Provisions regulating the duties of public officers and specifying the time for their performance are in that regard generally directory. Though a statute directs a thing to be done at a particular time, it does not necessarily follow that it may not be done afterwards. In other words, as the cases universally hold, a statute specifying a time within which a public officer is to perform an official act regarding the rights and duties of others is directory, unless the nature of the act to be performed, or the phraseology of the statute, is such that the designation of time must be considered as a limitation of the power of the officer.'"

What we have said above is sufficient to indicate our opinion that the Board has the power to consider and to accept, if it sees fit to do so, the bid of a publisher who has failed to comply with the literal requirement of Article 2846 of the statutes with respect to the submission of samples of books for the period of time there mentioned.

APPROVED SEP 28, 1943

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _C. F. Gibson_

C. F. Gibson
Assistant

CFG-MR

APPROVED OPINION COMMITTEE BY BWB CHAIRMAN